UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN WRIGHT, CHASE STOLTZ, ZACKARY KINSEL, BRIAN OLIVER, and JOSHUA TEDDER on Behalf of Themselves and on Behalf of All Others Similarly Situated,<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |
| V. | §<br>§ | JURY TRIAL DEMANDED |
| WT3 LLC, JAMES WINGO AND STANLEY PEACH,<br>    Defendants. | §<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

### I.  SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. Plaintiffs Brian Wright, Chase Stoltz, Zackary Kinsel, Brian Oliver, and Joshua Tedder and the employees they seek to represent ("Class Members") are current and former manual laborers paid on a day rate basis employed by Defendants WT3 LLC, James Wingo and Stanley Peach ("Defendants") between May 17, 2010 and the time notice is issued. Defendants

knowingly and deliberately failed to compensate Plaintiffs and Class Members for their overtime hours based on the time and half formula in the FLSA.

3. Defendants violated the FLSA by paying the Plaintiffs and Class Members a daily rate instead of an hourly rate.

4. Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiffs and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

5. Plaintiffs seek to recover, on behalf of themselves and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

6. Plaintiffs also pray that the class of similarly situated manual labor workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.     SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. Defendants do business in this District and some of the violations took place while Plaintiffs worked in this District.

## III.     PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Brian Wright is an individual currently residing in Montgomery County, Texas.  His written consent to this action is attached hereto as Exhibit "A."

10. Plaintiff Chase Stoltz is an individual currently residing in Harris County, Texas. His written consent to this action is attached hereto as Exhibit "B."

11. Plaintiff Zackary Kinsel is an individual currently residing in Montgomery County, Texas. His written consent to this action is attached hereto as Exhibit "C."

12. Plaintiff Brian Oliver is an individual currently residing in Montgomery County, Texas. His written consent to this action is attached hereto as Exhibit "D."

13. Plaintiff Joshua Tedder is an individual currently residing in Montgomery County, Texas. His written consent to this action is attached hereto as Exhibit "E."

14. The Class Members are all manual laborers employed by Defendants from May, 17, 2010 to the time notice is issued who worked more than 40 hours in at least one workweek.

15. Defendant WT3 LLC is a limited liability company organized under the laws of Texas that does business in Texas. Defendant may be served process through its registered agent Raptor Group, Inc. 11723 Timber Crest Dr. Tomball, TX 77375.

16. Defendant James Wingo is an individual who resides in Magnolia County, Texas. He may be served with process at his regular place of business, 15487 Ein Oak Dr. Conroe, TX 77384.

17. Defendant Stanley Peach is an individual who resides in Magnolia County, Texas. He may be served with process at his regular place of business, 15487 Ein Oak Dr. Conroe, TX 77384.

18. This Court has personal jurisdiction over Defendants because they are residents of the State of Texas.

## IV.  FLSA COVERAGE

19.  In an FLSA case, the following elements must be met. (1) the existence of an employment relationship; (2) that she/he was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendants failed to pay her/him overtime/minimum wage; and (4) that she/he is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C.,* Civil Action No. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) (maximum hours) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

**EMPLOYMENT RELATIONSHIP**

20.  At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d). *See* Exhibits, "F" "G" and "H" (earnings statements for Brian Wright, Brian Oliver, and Joshua Tedder, respectively).

21.  Moreover, Defendants James Wingo and Stanley Peach are the owners of WT3, LLC. Defendant Peach is the Director of WT3, LLC.

22.  Defendants Wingo and Peach controlled the nature, pay structure, and employment relationship of the Plaintiffs and Class Members.

23.  Further, Defendants Wingo and Peach have, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, they are responsible for the day-to-day affairs of the corporation. In particular, Defendants Wingo and Peach are responsible for determining whether the corporation complied with the FLSA.

24. As the owners of WT3, LLC, Defendants Wingo and Peach employed the Plaintiffs and Class Members as manual laborers.

25. As such, pursuant to 29 U.S.C. § 203(d), Defendants Wingo and Peach acted directly or indirectly in the interest of Plaintiffs' and Class Members' employment as their employers, which makes them individually liable under the FLSA.

## ENGAGED IN COMMERCE

26. At all material times, Defendants have been an enterprise in commerce within the meaning of the FLSA. 29 U.S.C. § 203(r).

27. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (*citing Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez,* 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

28. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D.Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

5

29. Both the individual and enterprise coverage are applicable in this case.

30. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id.* (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir.1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be 'entwined with the continuous stream of interstate commerce.'" *Id.* (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id.* (*citing,* 29 C.F.R. 776.10(b)).

31. At all material times, Plaintiffs and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

32. Here, Defendants employed Plaintiffs as manual laborers. Plaintiff Wright worked for Defendants as a field technician. His job duties consisted of laying pipes that transferred water from a water source to the oil rigs. He traveled on interstate highways to reach his work location. He used tools that were acquired by Defendants through interstate commerce.

33. Plaintiff Stoltz worked for Defendants as a field technician and as a yard hand. As a yard hand, he did routine maintenance on vehicles that belonged to Defendants, and fixed machines that broke down. He used equipment that was acquired by Defendants through

6

interstate commerce. Further, while he was a field technician, he likewise had the same duties as Plaintiff Wright detailed above.

34. Plaintiff Kinsel was a yard hand. His job was to do routine maintenance on vehicles that belonged to Defendants, and fix Defendants' machines that broken down. He used equipment that was acquired by Defendants through interstate commerce.

35. Plaintiff Oliver was a yard hand. His job was to do routine maintenance on vehicles that belonged to Defendants, and fix Defendants' machines that broken down. He used equipment that was acquired by Defendants through interstate commerce.

36. Lastly, Plaintiff Tedder was a field technician. His job duties consisted of laying pipe that transferred water from a water source to the oil rigs for Defendants' customers. He traveled on interstate highways to reach his work location. He used tools that were acquired by Defendants through interstate commerce.

37. Clearly individual coverage applies since the Plaintiffs are engaged in commerce as required by 29 USC § 206-207. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

38. Second, with regards to enterprise coverage, the FLSA states it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

39. In addition to Plaintiffs, Defendants employed numerous other employees, who like Plaintiffs, are manual laborers engaged in interstate commerce. Further, Defendants

7

themselves are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with companies based in other states, processes customers' credit cards with banks in other states, and advertise that they service not only Texas, but Oklahoma, South Dakota, Louisiana, West Virginia, and Ohio.[1]

40. Further, Defendants enjoys an annual gross business volume in excess of $500,000 and has likewise done so in the three years prior to the filing of this complaint.

## VIOLATION OF FLSA

41. Plaintiffs are nonexempt employees under the FLSA.

42. Defendants did not pay time and a half for overtime. Instead, Defendants paid Plaintiffs and Class Members a day rate without regard for hours worked. *See* Exhibits, "F" "G" and "H" (earnings statements for Brian Wright, Brian Oliver, and Joshua Tedder, respectively).

43. The Plaintiffs typically worked over forty hours per week.

44. Consequently, Defendants are in violation of the FLSA.

### V.  FACTS

45. Defendants provide water transfer and completion services. Defendants offer these services to oil field operators across the country. They specialize in frac, flowback and pit to pit water transfer, but also offer an array of completion fluids and engineering services. They provide their services to over 20 of the top oil and gas companies including, Hess, Plymouth, Sundance, and SM Energy.[2]

46. Plaintiffs and Class Members are employed by Defendants as manual laborers who perform services in the categories identified in the preceding paragraph.

---

[1] *See* Exhibit, "I" (A print out from Defendants' website showing their service areas).
[2] *See* Exhibit, "J" (A print out from Defendant's website showing their customers).

47. Defendants dispatch field technicians and other manual laborers to its customers' oil fields. Defendants also hire manual labors to work on its "yard" which is where its vehicles and other equipment are stored.

48. Defendants pay their manual labors a day rate only without regard to actual hours worked.

49. Plaintiffs and Class Members typically work over forty hours per week.

50. Defendants never pay time and a half for hours worked over forty.

## VI. COLLECTIVE ACTION ALLEGATIONS

51. Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as manual laborers within the three (3) years preceding the filing of this complaint to the present.

52. Plaintiffs have actual knowledge, through conversations with their co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendants' policy of not paying the overtime rate for all hours worked over forty.

53. Class Members are similarly situated to Plaintiffs in that they all performed manual labor, were paid on a day rate and were victims of the same violations of the FLSA.

54. Defendants' failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

55. The experience of Plaintiffs, with respect to their employment classification and pay, is typical of manual laborers across Defendants' business.

56. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

57. Like Plaintiffs, all Class Members are entitled to receive overtime.

58. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

59. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

60. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simply formula.

61. Between May 17, 2010 and May 17, 2013, Defendants employed at least thirty-five (35) manual laborers paid on a day rate.

62. Between May 17, 2010 and May 17, 2013, Defendants employed at least twenty-five (50) manual laborers paid on a day rate.

63. Between May 17, 2010 and May 17, 2013, Defendants employed at least twenty-five (100) manual laborers paid on a day rate.

64. Between May 17, 2010 and May 17, 2013, Defendants employed at least twenty-five (150) manual laborers paid on a day rate.

65. Between May 17, 2010 and May 17, 2013, Defendants employed at least twenty-five (200) manual laborers paid on a day rate.

66. Between May 17, 2010 and May 17, 2013, Defendants employed at least twenty-five (250) manual laborers paid on a day rate.

67. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendants' current and former manual laborers paid on a day rate basis between May 17, 2010 and the date notice is issued.**

### VII.   CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

68. Plaintiffs incorporate the preceding paragraphs by reference.

69. This count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs and Class Members overtime based on FLSA's time-and-a-half formula.

70. For each hour worked in excess of forty (40) each week, Plaintiffs and Class Members were entitled to be paid one and one-half times their regular rate of pay.  29 U.S.C. § 207.

71. By failing to pay overtime based on that formula, Defendants violated and continue to violate the FLSA.

72. No exception contained in the FLSA, its implementing regulations, or recognized by any Court of the United States permits an employer in the position of Defendants to skirt its obligation to pay overtime to an employee situated in the position of Plaintiffs and Class Members.

73. Defendants' failure to pay overtime to Plaintiffs and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

74. In fact various employees complained to Defendants about the fact that they were not receiving overtime, yet the Defendants continued on with their illegal pay practices.

## VIII. WAGE DAMAGES SOUGHT

75. Plaintiffs and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

76. Plaintiffs and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

77. Plaintiffs are also entitled to recover their attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

78. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiffs hereby demand trial by jury.

## X. PRAYER FOR RELIEF

79. For these reasons, Plaintiffs respectfully request that judgment be entered in favor of themselves and the Class Members awarding them:

   a. Overtime compensation for all hour worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
    Galvin B. Kennedy
    gkennedy@kennedyhodges.com
    State Bar No. 00796870
    Federal Bar No. 20791
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

OF COUNSEL:
Beatriz Sosa-Morris
State Bar No. 24076154
Federal Bar No. 1552137
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116
Bsosamorris@kennedyhodges.com